UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WENDY FLEISCHMAN and CINDY CULLEN,
on behalf of themselves and others
similarly situated,

                Plaintiffs,

    -v-                                                                  1:06-CV-765

ALBANY MEDICAL CENTER; ELLIS HOSPITAL;
NORTHEAST HEALTH; SETON HEALTH SYSTEM;
ST. PETER'S HEALTH CARE SERVICES,

                Defendants.
_____

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION & ORDER

By Order dated May 1, 2009, the Court certified the NEH settlement class and approved the proposed settlement. At oral argument on May 11, 2009, the Court indicated its intention to approve the Seton Health settlement class and approve the proposed settlement. Having had an opportunity to fully consider the arguments presented by Defendants Albany Medical Center and Ellis Hospital and the arguments made on May 11, 2009, the Court has decided to reconsider the motions to certify the Northeast Health and Seton Health settlement classes *sua sponte*. See Fulton Cogeneration Assocs. v. Niagara Mohawk Power Corp., 84 F.3d 91, 96 (2d Cir. 1996); Economist's Advocate, LLC v. Cognitive Arts Corp., 2004 WL 728874, at *11 (S.D.N.Y. 2004).

1

Upon reconsideration, the Court finds that, in light of Amchem Products, Inc. v. Windsor, 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997), the Court over-emphasized the value of settlement in certifying the issues of damages and injury-in-fact.  Indeed, as the non-settling Defendants point out, the new damages methodology presented by Plaintiffs, while applicable to a more homogeneous set of nurses, has not been fully examined through cross-examination, Defendants have not had an opportunity to submit rebuttal expert testimony on that methodology, and the methodology is subject to dispute.  Accordingly, the Court finds that the issues of damages and injury-in-fact as to the Northeast Health and Seton Health settlement classes were improvidently certified.  The Court finds that certification is warranted only as to the issues of a violation of the antitrust laws and legal injury.

This conclusion should not have any impact on the proposed Northeast Health and Seton Health settlements because the Court is certifying the two settlement classes on the issues of violation of the anti-trust laws and legal injury.  See Cordes & Co. Financial Servs. v. A.G. Edwards & Sons, Inc., 502 F.3d 91, 109 (2d Cir. 2007); In re Nassau County Strip Search Cases, 461 F.3d 219 (2d Cir. 2006).  These specific issue settlement classes can be settled under the proposed settlement terms without any need to certify the issues of injury-in-fact and/or damages.

For the foregoing reasons, paragraph 4 of the May 1, 2009 [dkt. 265] Order granting certification of the NEH Settlement Class is hereby vacated and replaced with the following new paragraph 4:

> The Court finds that the certification of the NEH Settlement Class on the issue of whether there was a violation of the anti-trust laws and whether there was legal

injury is warranted because: (a) the NEH Settlement Class is so numerous that joinder is impracticable; (b) Plaintiffs' claims concerning whether there was a violation of the anti-trust laws present and whether there was legal injury present common issues and are typical of the NEH Settlement Class; (c) Plaintiffs and Class Counsel (defined below) will fairly and adequately represent the NEH Settlement Class; and (d) the Court finds that, with respect to the issues of whether there has been a violation of the anti-trust laws and legal injury, common issues predominate over any individual issues affecting members of the NEH Settlement Class. The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the NEH Settlement Class. The Court also finds that settlement of this action with respect to Northeat Health on a class basis superior to other means of resolving this matter.

The proposed order concerning the proposed Seton Health settlement will be similarly modified. All other aspects of the May 1, 2009 Order, the proposed order in the Seton Health settlement, and the Court's decisions issued from the bench on April 13, 2009 and May 11, 2009, in connection with Plaintiff's motions for preliminary approval of the proposed settlements remain in effect.

**IT IS SO ORDERED**

DATED:May 14, 2009

Thomas J. McAvoy
Senior, U.S. District Judge