UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT - N.D. OF N.Y.
F I L E D
MAR - 8 2011
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Binghamton

| | |
|---|---|
| Wendy Fleischman and Cindy Cullen, On behalf of themselves and all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 06-cv-0765-TJM-DRH |
| Albany Medical Center; Ellis Hospital; Northeast Health; Seton Health System; St. Peter's Health Care Service, ) ) ) ) | |
| Defendants. ) ) | |

## [~~PROPOSED~~] JUDGMENT AND FINAL ORDER APPROVING PARTIAL SETTLEMENTS OF CLASS ACTION

Plaintiffs Wendy Fleishman and Cindy Cullen, on behalf of themselves and the certified Settlement Classes (collectively, "Plaintiffs"), entered into separate settlement agreements with Defendants Northeast Health, Seton Health System, and St. Peter's Health Care Services (collectively, "Settling Defendants") on January 23, 2009, February 20, 2009 and June 12, 2009, respectively, to fully and finally resolve Plaintiffs' claims against the Settling Defendants. The Court entered Orders preliminarily approving the Settlements Agreements and approving the form and method of class notice. After the approved notice program was implemented, the Court held a fairness hearing on December 14, 2009. This matter is now before the Court on Plaintiffs' Motion for Final Approval of Partial Settlements. Having considered the motion, the memorandum in support, the oral argument presented at the fairness hearing, and the complete record and files in this matter,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has jurisdiction over the subject matter of this litigation.

2. Terms used in this Judgment and Final Order which are defined in the Settlement Agreements, unless otherwise defined herein, shall have the same meaning as used in the Settlement Agreements.

3. The Settlements were attained following an extensive investigation of the facts. They resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating complex class-actions, including antitrust class actions.

4. Due and adequate notice was provided, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to all members of the previously certified Settlement Classes, notifying the Settlement Classes of, *inter alia*, the pendency of the above-captioned actions and the proposed settlements with the Settling Defendants. The notice provided was the best notice practicable under the circumstances and included individual notice by first class mail to all members of the Settlement Classes who could be identified through Defendants' records as well as notice published in the *Albany Times Union* and on the Internet at www.albanynurseslitigation.com. This notice fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

5. The Settlements embodied in the Settlement Agreements are fair, reasonable and adequate to the Settlement Classes within the meaning of Rule 23 of the Federal Rules of Civil Procedure. The Settlement Agreements are hereby approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

6. The persons identified in Exhibit A hereto have timely and validly requested exclusion from the Settlement Classes. Therefore, they are excluded. Those persons are not included in or bound by this Order and are not entitled to any recovery from the settlement proceeds obtained through these Settlements. This Order, however, in no way affects their right to participate in any recovery obtained from the non-settling Defendants.

7. The attached Exhibit A satisfies Plaintiffs' obligations, pursuant to the Settlement Agreements, to file with the clerk of court a record of individuals who timely and validly excluded themselves from the Settlement Classes.

8. Except as provided in the Settlement Agreements, the Settling Defendants shall have no obligation for attorneys' fees, costs or expenses, including, but not limited to, expenses of administering and distributing the proceeds of the Settlements, which expenses are to be paid out of settlement funds subject to further order of this Court.

9. The Plan of Distribution set forth in Plaintiffs' Memorandum in Support of their Motion for Final Approval of Partial Settlements is approved. Upon reimbursement of expenses in an amount ordered by this Court and the payment of requested incentive awards to the one former and two present class representatives, the remainder of the Settlement Amounts shall be held in an interest-bearing escrow account for the benefit of the Settlement Classes until either additional recovery is obtained from the non-settling Defendants or the case concludes with no additional recovery.

10. Without affecting the finality of this Judgment and Final Order in any way, this Court hereby retains continuing jurisdiction for the purposes of, *inter alia*, implementing and enforcing the Settlement Agreements, entering orders regarding the disbursement of the

settlement proceeds to the Settlement Classes and to others as appropriate, and adjudicating the Action with respect to Plaintiffs' claims asserted against the non-settling Defendants.

11.   Pursuant to Federal Rule of Civil Procedure 54(b), the Court finds that there is no just reason for delay and hereby directs that the Settling Defendants be dismissed with prejudice from this case.

IT IS SO ORDERED this 4th day of March, 2006

_____
Hon. Thomas J. McAvoy
United States District Judge

4