UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT N.D. OF N.Y.
F I L E D
NOV 21 2011
AT____O'CLOCK
Lawrence K. Baerman, Clerk - Binghamton

| | |
|---|---|
| Wendy Fleischman and Cindy Cullen, On behalf of themselves and all others similarly situated, </br></br>Plaintiffs,</br></br>v.</br></br>Albany Medical Center; Ellis Hospital; Northeast Health; Seton Health System; St. Peter's Health Care Service,</br></br>Defendants. | Civil Action No. 06-cv-0765-TJM-DRH |

## [PROPOSED] JUDGMENT AND FINAL ORDER APPROVING SETTLEMENT WITH ELLIS HOSPITAL AND PLAN OF ALLOCATION

Plaintiffs Wendy Fleischman and Cindy Cullen, on behalf of themselves, the certified Ellis Settlement Class and the certified Litigation Class (collectively, "Plaintiffs"), entered into a settlement agreement with Ellis Hospital ("Ellis") on March 15, 2011 (hereinafter the "Ellis Settlement Agreement"), to fully and finally resolve Plaintiffs' claims against Ellis. The Court entered an Order preliminarily approving the Ellis Settlement Agreement and approving the form and method of class notice on June 14, 2011, as modified by the Court's Order of June 27, 2011. After the approved notice program was implemented, the Court held a fairness hearing on November 14, 2011. This matter is now before the Court on Plaintiffs' Motion for Final Approval of Settlement with Ellis and for Approval of Plan of Allocation (the "Motion"). Having considered the Motion, the memorandum in support (the "Supporting Memorandum"), the oral argument presented at the fairness hearing, and the complete record and files in this matter,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has jurisdiction over the subject matter of this litigation.

2. Terms used in this Judgment and Final Order which are defined in the Ellis Settlement Agreement, unless otherwise defined herein, shall have the same meaning as used in the Ellis Settlement Agreement.

3. The settlement was attained following an extensive investigation and several years of litigation of the facts and the law. The settlement resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust claims and class actions.

4. Due and adequate notice was provided, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to all members of the certified Ellis Settlement Class and the certified Litigation Class, notifying class members of the proposed settlement with Ellis. The notice provided was the best notice practicable under the circumstances and included individual notice by first class mail to all members of the Ellis Settlement Class and the Litigation Class who could be identified through Defendants' records as well as notice published in the *Albany Times Union* and on the Internet at www.albanynurseslitigation.com. This notice fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

5. The settlement embodied in the Ellis Settlement Agreement is fair, reasonable and adequate to the Ellis Settlement Class and the Litigation Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure. The Ellis Settlement Agreement is hereby approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

6. There have been no requests for exclusion from the Ellis Settlement Class.

7. Except as provided in the Ellis Settlement Agreement, Ellis shall have no obligation for attorneys' fees, costs or expenses, including, but not limited to, expenses of administering and distributing the proceeds of this settlement, which expenses shall be paid from the Settlement Fund to the extent approved by the Court.

8. Without affecting the finality of this Judgment and Final Order in any way, this Court hereby retains continuing jurisdiction for the purposes of, *inter alia*, implementing and enforcing the Ellis Settlement Agreement.

9. Pursuant to Federal Rule of Civil Procedure 54(b), the Court finds that there is no just reason for delay and hereby directs that the claims against Ellis be dismissed, with prejudice as to the Ellis Settlement Class Members, and without prejudice as to the members of the Litigation Class who are not Ellis Settlement Class Members.

10. The Court approves the Claim Forms attached to the November 16, 2011 letter from Daniel A. Small as Exhibits A and B.

11. The Plan of Allocation described in the Supporting Memorandum is approved. Within 14 days of the entry of this Order, the Claims Administrator will send the Claim Forms by first-class mail to the same individuals to whom the Notice of the Settlement with Ellis was mailed. Members of the Settlement Classes will have 60 days from the entry of this Order to mail their completed and signed Claim Forms to the Claims Administrator. Claim Forms will be deemed mailed on the date they are postmarked.

**IT IS SO ORDERED** this 21st day of November, 2011

Hon. Thomas J. McAvoy
United States District Judge